IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMEL JONES<br><br>              **Plaintiff,**<br><br>v.<br><br>EMPLOYEES OF THE DOC,<br>STATE CORRECTIONAL FACILITY<br>AT SCI-PHOENIX, MAIL ROOM<br>SUPERVISOR KELLY LONG,<br>FEDEX SHIPPING AND GROUND<br>MAIL SERVICES CARRIERS,<br>SECRETARY GEORGE LITTLE, and<br>SECRETARY JOHN WETZEL<br><br>              **Defendants.** | CIVIL ACTION NO. 22-1190 |

## ORDER

**AND NOW,** this 25th day of March 2024, upon consideration of Defendants George Little and John Wetzel's Motion to Dismiss [Doc. No. 26], Defendant Kelly Long's Motion to Dismiss [Doc. No. 63], and the responses thereto, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii), and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the Motions to Dismiss are **GRANTED** for failure to state a claim, as follows:

    1.    The following claims are **DISMISSED WITH PREJUDICE:**

          a.    All official-capacity claims against Defendants Kelly Long, George Little, and John Wetzel;

          b.    All claims against Defendant State Correctional Facility at SCI-Phoenix; and

      c.    Jones's procedural due process claims against Defendants Little, Wetzel, and Long in their individual capacities for the missing box containing his personal belongings.

2.    The following claims are **DISMISSED WITHOUT PREJUDICE:**

      a.    Jones's denial-of-access claim against Defendants Long, Little, and Wetzel in their individual capacities;

      b.    Jones's retaliation claim against Defendants Long, Little, and Wetzel in their individual capacities;

      c.    Jones's conditions-of-confinement claim against Defendants Little and Wetzel in their individual capacities; and

      d.    Jones's procedural due process claim against Defendants Little and Wetzel in their individual capacities as to Jones's housing placement(s).

3.    The balance of the Amended Complaint's individual-capacity claims against Defendants Little, Wetzel, and Long is **DISMISSED WITHOUT PREJUDICE**.

4.    Any Second Amended Complaint must identify each defendant in the caption and the body of the filing, and shall state the basis for Jones's claims by providing as much information as possible about the "who," "what," "where," and "when" surrounding the incident or incidents giving rise to the claims. The Second Amended Complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint or other papers filed in this case to state a claim and should explain the relevant facts underlying each claim that Jones intends to bring. When drafting his Second Amended Complaint, Jones should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint, as explained in the Court's Memorandum Opinion.

5.      The Clerk of Court is **DIRECTED** to send Jones a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jones may use this form to file his Second Amended Complaint if he chooses to do so.[1]

6.      If Jones does not wish to amend his Complaint, and he intends to stand on his Amended Complaint instead, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.[2]

7.      If Jones fails to file any response to this Order, the Court will conclude that Jones intends to stand on his Amended Complaint and will issue a final order dismissing this case.[3]

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint). The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible.") (citing cases).